IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EVELYN BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0331-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Evelyn Blackwell is a 62-year-old woman with past relevant work as a receptionist. On May 23, 2007, plaintiff filed a Title II application for disability insurance benefits and also filed a Title XVI application for Supplemental Security Income. 42 U.S.C. §§ 401, et seq, and §§ 1381, et seq. Plaintiff alleges she is disabled based on back and shoulder impairments, poor eyesight, and asthma. In both her applications, plaintiff alleges disability beginning September 29, 2006. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review[1] of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

Plaintiff's claims were initially denied on August 23, 2007, and thereafter, she filed a written request for hearing. On July 23, 2009, a hearing was held before an Administrative Law Judge (ALJ), with plaintiff appearing and testifying at the hearing. On September 21, 2009, the ALJ issued a decision finding that plaintiff has not been under a disability, as defined in the Social Security Act, from September 29, 2006, through the date of the decision. Plaintiff filed an appeal of the ALJ's decision, and on February 26, 2010, the Appeals Council of the Social

---

[1]Upon consent of the parties, this case was transferred to the United States Magistrate Judge to conduct all further proceedings and to enter judgment, pursuant to the provisions of 28 U.S.C. § 636(c).

Security Administration denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments of the parties are presented in the briefs, and on May 23, 2011, an oral argument was held.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

2

**Discussion**

Here the ALJ concluded that while plaintiff suffered from the severe impairment of asthma, she concluded that plaintiff still retained the residual functional capacity to perform sedentary semi-skilled work, and could perform her past relevant work as a receptionist.

Plaintiff alleges that the ALJ erred in (1) failing to determine plaintiff's urinary incontinence, lumbar degenerative disc disease, subtrochanteric bursitis, depression, and memory dysfunction to be severe impairments; (2) failing to include sufficient limitations related to plaintiff's chronic pain, need for extra breaks, depression and memory dysfunction; and (3) using only isolated facts and incidents to support her finding the plaintiff was not credible. Plaintiff alleges that the ALJ's decision is not supported by substantial evidence in the record.

Upon review, the ALJ did not err at step two of the analysis in finding that plaintiff's only severe impairment was asthma. The ALJ specifically considered plaintiff's additional complaints of incontinence, vision problems, and back and shoulder pain, but found that these impairments were not sufficiently noted in the evidence in the record to be medically determinable impairments. While a finding of severity of impairment is not an onerous requirement to meet, it is also not a toothless standard. Kirby v. Astrue, 500 F.3d 705, 708 (8th Cir. 2007). The record does not establish that plaintiff's alleged incontinence, back pain, depression or memory dysfunction imposed work-related limitation for twelve continuous months. Further, the ALJ is required to consider all impairments, including severe and nonsevere, in combination, in determining the residual functional capacity (RFC) of plaintiff. See 20 C.F.R. § 404.1545 (2010). Thus, even those impairments the ALJ determined not to be severe were, in fact, considered by the ALJ in combination with plaintiff's severe impairment of asthma in determining what physical and mental work activities plaintiff could do despite her limitations.

The ALJ did not err in determining plaintiff's RFC. The ALJ determined that plaintiff had a residual functional capacity to perform sedentary work, noting no lifting over ten pounds. The ALJ further determined that plaintiff would be additionally limited, due to her asthma, and would be required to avoid concentrated exposure to dust, fumes, gases, humidity, extreme temperatures and the like. The ALJ did not assess the additional limitations sought by plaintiff

3

as to chronic pain, need for extra breaks, depression and memory dysfunction because the ALJ found that the medical records did not support the severity of these impairments as alleged by plaintiff and also found that plaintiff's allegations as to the severity of these impairments to not be fully credible. See Tindell v. Barnhart, 444 F.3d 1002, 1007 (8th Cir. 2006) (ALJ need only include the credible limitations in the RFC).

      The ALJ considered all of plaintiff's impairments, severe and nonsevere, and determined that while the impairments would be reasonably expected to produce some of the alleged symptoms, plaintiff's statements concerning intensity, persistence and limiting effects of these symptoms were not fully credible. The ALJ did not err in assessing plaintiff's credibility. The ALJ's credibility findings were based on multiple valid reasons. The ALJ properly analyzed plaintiff's credibility under factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The severity of plaintiff's subjective complaints is inconsistent with the objective medical findings in the record. Further, plaintiff's daily activities do not support the severity of the symptoms she claims. See Goff v. Barnhart, 421 F.3d 785 (8th Cir. 2005) (acts inconsistent with plaintiff's assertion of disability reflect negatively upon plaintiff's credibility). Further, the ALJ noted plaintiff's collection of unemployment insurance benefits after her alleged onset date as clearly inconsistent with her assertion that she lost her job as a receptionist because she was disabled. The ALJ noted that the receipt of unemployment is dependant upon an assertion by the claimant that she is willing and able to work, and is looking for employment. When the ALJ articulates inconsistencies that undermine the plaintiff's subjective complaints, and when those inconsistencies are supported by the record, the credibility determination should be affirmed. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004). See also Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007) (noting that when ALJ explicitly discredits plaintiff and gives good reasons for doing so, court will normally defer to credibility determination); Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003) (credibility questions concerning plaintiff's subjective complaints are primarily for the ALJ to decide, and not the reviewing court). Here the ALJ sufficiently articulated the reasons for discounting the severity of plaintiff's subjective complaints and there is substantial evidence in the record to support the ALJ's adverse credibility determination with respect to plaintiff's disability claim. The ALJ need not discuss every Polaski

factor and how it relates to credibility.  Samons v. Astrue, 497 F.3d 813, 820 (8th Cir. 2007).  Plaintiff's assertion that the ALJ did not consider her work history is without merit because the ALJ specifically cites to this work history in the opinion, finding that plaintiff could do her past relevant work.

Plaintiff's assertion that additional limitations should have been included in the RFC is without merit.  The ALJ need only include the credible limitations.  Further, the court notes that there is no medical opinion in the record to support that plaintiff was incapable of performing the RFC identified by the ALJ.  Plaintiff's credible impairments and their severity support a finding that she could continue to do her previous work as a receptionist, or other sedentary work.  Plaintiff's severe impairment of asthma was considered, and determined to be controlled with treatment, and therefore, was not disabling.  Brown v. Astrue, 611 F.3d 941, 955 (8th Cir. 2010).  Moreover, the ALJ properly assessed limitations within the sedentary RFC to account for plaintiff's asthma.

**Conclusion**

Therefore, this court finds there is substantial evidence in the record as a whole to support the ALJ's decision that plaintiff is not disabled under the Act, and can do sedentary work, including her prior relevant work as a receptionist.

Accordingly,

IT IS ORDERED that the decision of the Commissioner is affirmed and this case dismissed.  [3]

Dated this 28th day of June, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge